The plaintiff corporation is a so-called family corporation, consisting of four members of the Holloway family as its sole shareholders. The *Page 161 
corporation, on October 1, 1964, owned certain lands in Avon as follows: Parcel A, the north lot, consisting of 15.74 acres, is a piece of land used almost exclusively for raising hay, but a small part is used for pastureland. Parcel B, a thirty-six-acre piece of land containing farm buildings, pasture, and hayfields, is immediately south of and contiguous to parcel A. From parcels A and B the plaintiff produced some forty tons of hay in 1964. Parcel A is excellent for haying, and although parcel B contains some swampland, it has a good pasture area for the plaintiff's cattle. Both of these tracts lie west of the New Haven railroad tracks. East of the railroad tracks, the corporation owns 47.3 acres of land known as parcel D. The only crop sown on this acreage is buckwheat, which is not harvested but harrowed into the soil because of its property-building qualities, enhancing the value of loam. Essentially, that acreage is devoted to the business of stripping the topsoil for sale until it is exhausted and then removing the underlying gravel for sale. Sales are made to builders, homeowners, and contractors. Approximately three miles away from the above-mentioned lands, the plaintiff corporation owns a tract of woodland consisting of 7.5 acres, known as parcel C. Some of the trees many years ago had been cut for wood, but in recent years nothing was done with this area. The plaintiff corporation is also the owner of about twenty-two pieces of machinery which it uses in its operations.
The plaintiff corporation, proceeding under §§ 12-107a, 12-107b and 12-107c of the General Statutes, requested the assessor to classify the land referred to above as farmland and, acting under § 12-91 of the General Statutes, requested that the machinery be exempt from taxation to the value of $3000. These requests were denied by the defendant assessor and the board of tax review, to which *Page 162 
the plaintiff corporation appealed. The present appeal results from that action.
Section 12-107a declares that "it is in the public interest to encourage the preservation of farm land" and that "it is in the public interest to prevent the forced conversion of farm land." "Farm land," under § 12-107b, means "any tract or tracts of land, including woodland and wasteland, constituting a farm unit." Section 12-107c provides that "[i]n determining whether such land is farm land, such assessor shall take into account, among other things, the acreage of such land, the portion thereof in actual use for farming or agricultural operations, the productivity of such land, the gross income derived therefrom, the nature and value of the equipment used in connection therewith, and the extent to which the tracts comprising such land are contiguous."
The plaintiff contends that parcel D is devoted to "loam farming" and is farmland. However, the mere designation by the plaintiff of its operation as "loam farming" does not convert the use to which the land is put into a farming operation. As a matter of fact, the plaintiff's loam and gravel business with reference to this parcel militates against and defeats the dominant purpose of the statutes under which the plaintiff proceeds — the preservation of farmland. The assessor properly considered the criteria specified in the statute and rejected this classification of this land as farmland.
The defendant assessor correctly rejected the petition of the plaintiff corporation with reference to parcel C on the basis of the standards set forth in § 12-107c. This land is a wooded area not even part of a farm unit. It is a completely wooded area detached from parcels A and B. In a sense it was abandoned land, nonproductive incomewise and agriculturally. *Page 163 
The defendant assessor refused to classify parcels A and B as farmland because the major part of the income of the plaintiff corporation was derived from nonfarming activities, i.e., its loam and gravel business on parcel D, which is separated from parcels A and B by the railroad tracks. "`A farm is, both by the standards and in common acceptation, defined to be a body of land . . . devoted to agriculture, either to the raising of crops, or pasture, or both.'"Chudnov v. Board of Appeals, 113 Conn. 49, 52. The term "farm" includes farm buildings. General Statutes § 1-1. The criterion adopted by the defendants is important with reference to § 12-91 but is not a proper standard under § 12-107c. The latter statute allows consideration of the income from theland (emphasis ours) as a guide, not income from other sources. That the plaintiff's major income was from a nonfarming operation on parcel D did not, ipso facto, deprive parcels A and B of their status as farmland. Indeed, the defendant assessor readily concedes that parcels A and B are farmland. Furthermore, the use of these parcels fulfils excellently the policy and purpose enumerated by the General Assembly and referred to above.
As to the contention of the plaintiff that its machinery is entitled to an exemption of $3000 under § 12-91, that statute allows farm machinery to be exempt, "provided the principal means of livelihood of each such farmer whether operating individually or as one of a group, partnership or corporation shall be derived from such farming operation." The plaintiff concedes that the principal means of livelihood of the corporation is from the loam and gravel business, which the court has found is not a farming operation. Furthermore, it is clear that the livelihood of the four shareholders is derived from this nonfarming operation. Neither the corporation nor *Page 164 
the shareholders qualify for the benefits accorded by this statute.
 It is the judgment of the court that parcels A and B qualify as farmland and should so be classified by the defendants. In all other respects, the appeal of the plaintiff corporation is dismissed.